UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SAIFUL AHMED,

        Plaintiff,

    ECF CASE NO. :

-vs-

THE CITY OF NEW YOR, POLICE
COMMISSIONER RAYMOND W. KELLY,
POLICE OFFICERS JOHN/JANE DOES #'s1-3,
SHIELD #'s unknown, Individually, who were each
involved in the incident resulting in plaintiff's
false arrest, search, seizure, detention and/or injuries.

    **COMPLAINT**
    **AND JURY DEMAND**

    Defendants.

---------------------------------------------------------------x

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against the City of New York, John/Jane Does, individually, being police officers employed by the New York City Police Department, in their individual capacities and against Police Commissioner Raymond W. Kelly. Jurisdiction is base upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.     The amount in controversy exceeds $150,000.00 excluding interest and costs.

3.     Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundary of the Eastern District of New York.

4.     It is alleged that on April 23, 2012, John/Jane Doe police officer defendants, all employed by the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff, SAIFUL AHMED, to, *inter alia*, false arrest, false

1

imprisonment and malicious prosecution upon making an unlawful and warrantless search and seizure of the person and belongings of plaintiff. These actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the NYPD.

5. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

6. SAIFUL AHMED ("plaintiff"), was at all material times, of full age, resident of the State of New York, and United States citizen.

7. At all times relevant to this complaint, all defendants named herein were duly appointed and acting officers and entities of the NYPD, acting under color of law, to wit: under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

8. Police Officer John/Jane Does at all times relevant were New York City Police Officers or detectives of the New York City Police Department. They are each sued in their individual and official capacities as a result either of their actions at the scene of the incident giving rise to plaintiff's arrest, or, in their capacity as policymakers with respect to training, supervision and discipline of police officers under their command.

9. The City of New York ("The City") is a municipal corporation organized under the laws of the State of New York.

10. New York Police Commissioner Raymond Kelly ("The Commissioner") was at all times relevant the Commissioner of the New York City Police Department, and, as such, was a policymaker with respect to training, supervision and discipline of NYPD officers, including the individual defendants. The Commissioner is being sued both in his individual and official capacities.

11. The NYPD is a municipal corporation and the public employer of the said officers.

## **FACTS**

12. Upon information and belief, plaintiff is a 35-year old accountant employed by the Internal Revenue Service who had never been arrested prior to the incident described herein.

13. On or about April 23, 2012, at approximately 3:00 p.m., plaintiff arrived at the 114th Precinct located at 34-16 Astoria Boulevard, Long Island City, New York, for the purpose of surrender and arrest; plaintiff traveled to the 114th Precinct at the above time and place in response to the 114th Precinct's notification and order to have plaintiff arrested and processed.

14. Upon information and belief, prior to being directed by police officers of the 114 Precinct to surrender for the purpose of his arrest, plaintiff was informed by said Precinct that plaintiff would be charged with Criminal Contempt in the Third Degree.

15. In March 2012, a Queens County Family Court judge issued a Limited Order of Protection ("LOOP") against plaintiff providing that plaintiff refrain from menacing, harassing or assaulting his wife, Syeda Siddiqua ("Syeda").

16. The LOOP also stated that plaintiff refrain from interfering with the care and custody of their son, Gabriel. The LOOP was served upon plaintiff at the family residence at that time: 24-03 41st Avenue, Long Island City, New York where all three household members were residing.

17. The LOOP was not served upon plaintiff in court or during a court proceeding.

18. The LOOP essentially directed the plaintiff to refrain from certain conduct which may be deemed either criminal or otherwise in contravention with sections of the New York State Penal Law.

19. The LOOP did not bar the plaintiff and Syeda from lawfully communicating with one another, or even from continuing to reside with one another. At all times from the issuance of the LOOP until its voluntary termination, plaintiff complied with its terms.

20. Shortly after being served with the LOOP, plaintiff voluntarily elected to relocate temporarily to his parents' residence in New York City, although not bound to do so.

21. While staying with his parents, plaintiff mailed two letters to Syeda in April 2012 approximately two weeks apart. Neither letter ran afoul of any criminal statute in any sense of the term, nor did it violate the language of the LOOP, as there was no threatening, menacing or

assaultive language in these letters, nor did the letters interfere in any manner with the care or custody of Gabriel.  Rather, the letters sought to enlist Syeda to assist in formulating a regular visitation schedule so plaintiff could spend time with Gabriel.

22.     The plaintiff even attached checks to the letters to Syeda marked "child support" for Gabriel even though there was not a child support order in place that required him to do so.

23.     John/Jane Does 1-3, all Police Officers and affiliated with the 114th Precinct, elected to arrest plaintiff and initiate a criminal complaint charging Criminal Contempt in the Third Degree, alleging that plaintiff had violated the LOOP by the act of mailing two letters each seeking to establish a visitation arrangement with Gabriel.

24.     However, Criminal Contempt pursuant to New York State Penal Law requires proof of **intentional disobedience or resistance to the clear and unequivocal mandate of the court.** People v. Forman, 145 Misc. 2d 115; People v. McCowan, 85 NY 2d 895 where the court stated that "it is not enough simply to inform [plaintiff] that 'an order' has been issued without telling [plaintiff], either orally or in writing, the contents of the order and the conduct it prohibits." Nowhere did the contents of the subject LOOPS prohibit lawful communications (including non-threatening letter-writing) between plaintiff and Syeda.

25.     Upon information and belief, defendants John/Jane Doe police officers were unable to set forth a definable, objective action committed by plaintiff to support their conclusion that the plaintiff's conduct of writing and mailing a letter to his wife seeking to arrange visitation of the couple's child amounted to a violation of the LOOP.  Notwithstanding same, even though there was no articulable criminal offense that took place, the defendants, John/Jane Does # 1-3 proceeded to arrest plaintiff and process him to Queens County Criminal Court and Central Booking.

26.     The John/Jane Doe Police Officers either knew, or should have known, that the accusatory which charged plaintiff with Criminal Contempt would be facially insufficient pursuant to CPL Section 170.30(1)(a) as there was no factual basis to support same.

27.     The John/Jane Doe Police Officer either knew, or should have known, that there were no prohibitions in the LOOP preventing the plaintiff from : (a) contacting his wife or his son; (b) seeking visitation of his son; (c) writing a letter to his wife or (d) voluntarily paying child support through the mail.

4

28. Upon information and belief, plaintiff remained handcuffed at all times, and in the custody of the members of the 114th Precinct and thereafter the New York City Department of Corrections at 125-01 Queens Boulevard, Kew Gardens, New York, for a total of approximately nine (9) hours before the Queens County District Attorney's Office declined properly prosecution based on the facts and circumstances presented to it as there was no conduct present which even gave rise to the possibility that a crime had been committed.

29. The actions of the defendants were without probable cause. No warrants were ever produced by the police at any time.

30. The three John/Jane Doe police officers seized, interrogated and searched the plaintiff and his person without a warrant.

31. The warrantless search and seizure was illegal as the Fourth Amendment of the United States Constitution protects *inter alia*, individuals from both unlawful search and seizures as well as against the more traditional seizure of "papers and effects."

32. The plaintiff was arrested and detained without probable cause or legal justification.

33. At no time during the events described above was plaintiff intoxicated, incapacitated, a threat to the safety of themselves or others, or disorderly. Plaintiff had committed no criminal offenses.

34. The John/Jane Does defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize the person of the plaintiff.

35. Plaintiff was arbitrarily and falsely detained.

36. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

37. As a direct and proximate result of the said acts of the defendant police officers, the plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an

5

unreasonable search and seizure of his person; and

    b.    Loss of his physical liberty;

38. The actions of the defendant Officers violated the long-established and well-settled federal constitutional right of plaintiffs, to wit: the freedom from the unreasonable seizure of their person.

## COUNT I
## 42 U.S.C. Section 1983 Against Individual Defendant NYPD Officers.

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. Plaintiff's claim damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants City of New York, Police Commissioner Raymond W. Kelly and New York City Police Officers John/Jane Does #'s1-3 who all engaged in the actions and conduct alleged herein in their official capacities as NYPD police officers and under color and authority of federal and state law, regulation, ordinance, custom and usage, for violation of plaintiffs' constitutional rights under color of law. Each acted within the course and scope of their employment with the NYPD of defendant City of New York.

41. That such actions served to deprive plaintiff of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, the plaintiff was deprived of his right to due process of law, of their right to happiness and to liberty.

42. Defendants New York City Police Officers not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's civil rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

43. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five-Hundred Thousand Dollars.

## COUNT II

### False Arrest and Illegal Imprisonment Against Individual Defendant NYPD Officers.

44.     Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth hereinafter at length.

45.     Defendants John/Jane Doe Police Officers, illegally arrested and illegally imprisoned plaintiff. In doing so, these officers not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's federal rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

46.     As a result of this false arrest and illegal imprisonment, the plaintiff suffered the damages as aforesaid in the amount of Five Hundred Thousand Dollars.

## COUNT III

### Malicious Prosecution Against All Defendants

47.     Paragraphs 1 through 46 are incorporated by reference as though fully set forth hereinafter at length.

48.     Defendants each caused false criminal accusatory instruments to be filed against plaintiff and testified falsely against plaintiff. The malicious prosecution was encouraged, aided, abetted and incited voluntarily and willfully by each of the defendants named herein.

49.     Following his arrest, plaintiff was taken as a prisoner of the New York City Police Department, and was placed in their custody. Plaintiff was kept in jail for the period of time set forth in Paragraph 28 herein.

50.     The criminal proceedings were dismissed, thus terminated favorably to plaintiff.

51.     Defendants each have deprived plaintiff of his civil, constitutional and statutory rights, and have conspired to deprive him of such rights and are liable to plaintiff under Section 42 USC Section 1983, New York State common law and the New York State Constitution.

52.     The above acts constituted reckless and wanton misconduct and were willfully and maliciously directed against the plaintiff.

53. As a result of defendants' actions and by reason of these facts, plaintiff suffered great mental and physical anguish and distress; was subjected to humiliation, embarrassment, ridicule, derision and scorn among those who knew him and of her detention; was injured and impaired in his credit, good name, character and reputation; was prevented from attending to his work and employment; was compelled to expend monies and incur expenses in the above proceedings and to incur lost wages and other miscellaneous expenses, and was deprived of his liberty.

54. As a result of the malicious prosecution implemented by the defendants, plaintiff, an IRS accountant, was damaged in the amount of $500,000.00

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as follows:

a. In favor of plaintiff in the amount of Five Hundred Thousand Dollars for each of plaintiff's Causes of Action;

b. Awarding costs and disbursements of this action to the plaintiff;

c. Awarding reasonable attorney fees of this action to the plaintiff;

d. Awarding plaintiff punitive damages in the amount of One Million Dollars for each of plaintiff's Causes of Action; and

e. Awarding such other and further relief as this Court may deem appropriate, just and proper.

## JURY DEMAND

The plaintiff hereby demands a jury trial.

Dated:  Brooklyn, New York
        August 13, 2012

                                        THE PLAINTIFF,
                                        BY

                                        SPENCER A. LEEDS, ESQ.
                                        Attorney for Plaintiff
                                        26 Court Street, Suite 2100
                                        Brooklyn, New York 11242
                                        (718) 488-8255

TO:

New York City
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza, Room 1406
New York, New York 10006